TEODORO VIDAL SÁNCHEZ, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 662.   Argued July 15, 1929.—Decided July 26, 1929.

*Angel A. Vázquez,* for the petitioner. *S. Suau,* for the intervener and defendant in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

The petition in this case was granted upon the theory that the American Colonial Trust Company in substitution of the debtor had not complied with the provisions of the mortgage inasmuch as the said American Colonial Trust Company had not unconditionally deposited the sum of $1,000 to cover costs and attorney's fees due by reason of the commencement of a mortgage proceeding. At the hearing the matter in controversy was practically reduced to the determination of whether the $1,000 was an amount to be paid over absolutely like a penalty or whether it was merely an amount out of which the court below had a right to determine the amount to be paid as costs and fees. We hold that if the contract did not call for the payment as a penalty the consignation could be made subject to the action of the court. We also hold that if a debtor does not, after suit begun and within the time allowed him, pay the whole amount due under the mortgage, but does deposit the whole amount due before actual execution, the court has the right or discretion of holding up the sale. The law does not require vain and useless things and if the principal debt with interest is satisfied and the costs occasioned by the suit are guaranteed the execution should not proceed merely because of the failure of the debtor to pay within the time specified in the notice. In the ordinary case without any particular specification in the mortgage contract the court may determine the amount to be deposited as costs. The question then is whether the parties made a different contract.

The words of the contract are:

"Sixth.—In order to secure the obligations contracted by virtue of this deed, José Montilla Jiménez and his wife Angeles Ambrosiani constitute a mortgage in favor of Teodoro Vidal Sánchez on the

property described in the foregoing first paragraph, and on all rights and interests thereon, in the sum of $20,000 as loan and interest at the rate agreed upon until paid, plus $1,000 for costs and attorney's fees in case of judicial claim. The parties covenant and agree to record this mortgage in the registry of property, and that it shall subsist until the obligation secured by it has been totally paid.''

We find nothing in this language to show the intention of the parties to make the payment of the $1,000 a penalty or a totally liquidated amount. These are the current words by which a creditor receives a guaranty in case he has to resort to judicial reclamation. He was amply secured in this case. Penalties are not favored in the law, and if the parties had desired to make the amount of $1,000 absolutely payable in case of a judicial claim they should have said so more specifically. The whole amount of the debt was deposited, subject to a determination of costs by the court.

The writ should be annulled.

Mr. Justice Aldrey took no part in the decision of this case.